UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEST SHORE HOME, LLC,

    Plaintiff,

v.                                             Case No. 8:24-cv-00761-TPB-NHA

CASTLE CREDIT CO. HOLDINGS, LLC,

    Defendant.
_____/

## ORDER

Plaintiff's motion for entry of Clerk's default against Defendant Castle Credit Co. Holdings, LLC (Doc. 11) is granted.

Plaintiff is in the home remodeling business. Compl. (Doc. 1), ¶ 6. Defendant provides third-party financing services. *Id.* ¶ 8. Plaintiff claims that Defendant agreed to extend credit to Plaintiff's customers and to pay Plaintiff on their behalf upon Plaintiff's completion of the customers' home remodeling projects. *Id.* at ¶ 11. Plaintiff alleges that Defendant failed to pay the balance owed on many of these projects, and sues Defendant for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, and conversion. *Id.* at pp. 9-14.

Plaintiff alleges that, on March 29, 2024, it properly served Defendant (*see* Doc. 10) and that Defendant failed to answer or otherwise respond to the suit. Doc. 11. On April 23, 2024, Plaintiff moved for Clerk's default against Defendant. *Id.*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment*." In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a

2

managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

An LLC may also be served by following the law of the state in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf. Subsection (2) directs plaintiffs to first attempt service on the LLC's registered agent. *See* Fla. Stat. § 48.062(2). If the registered agent is a company rather than a natural person, a plaintiff may serve the process on any employee of the registered agent, Fla. Stat. § 48.091(4).

Here, the return of service demonstrates that Plaintiff served Defendant on March 29, 2024, by serving a copy of the summons and complaint on Carlotta Cartaright. Doc. 10. The return of service indicates that Ms. Cartaright is an employee of Corporate Creations Network, Inc., the registered agent of Defendant. *Id*. Records of the Florida Department of State, Division of Corporations, confirm Corporate Creations Network, Inc.

3

is the registered agent of Defendant.[1] Thus, by serving an employee of the registered agent, Plaintiff has served Defendant in accordance with Sections 48.062 and 48.091 of the Florida Statutes.

Defendant had until April 19, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). Defendant has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. Pursuant to Local Rule 1.10(b), Plaintiff had until May 17, 2024, to move for Clerk's default, and Plaintiff timely did so on April 23, 2024 (Doc. 11).

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 11) is GRANTED.

2. The Clerk is DIRECTED to enter default against Defendant.

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on April 24, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge